UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RAGLAND,

       Plaintiff,                      CIVIL ACTION NO. 08-15253

       v.                             DISTRICT JUDGE AVERN COHN

M. RABY, Southfield Police Officer,     MAGISTRATE JUDGE MARK A. RANDON

       Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, an inmate in the custody of the Michigan Department of Corrections, has filed this action alleging claims cognizable under 42 U.S.C. § 1983. Presently before the court are Plaintiff's three motions for leave to amend his complaint (Dkt. Nos. 13, 20, and 23).[1] On July 22, 2009, the case was referred to the undersigned for determination of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). For the following reasons, the court grants, in part, Plaintiff's request for leave to amend his complaint as proposed in Docket Entry No. 23. Specifically, leave to amend is granted as to all Proposed Defendants and claims *except* those claims involving Proposed Defendant Marlon Benson. Plaintiff's remaining requests to amend (Dkt. Nos. 13 and 20) are denied as moot.

---

[1] Plaintiff entitled his most recent request "Motion to Supplement Amended Complaint" (Dkt. No. 23). However, before this order, Plaintiff had not been granted leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2). Therefore, this docket entry will also be treated as a motion for leave to amend.

**OPINION**

When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend a pleading is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

When determining whether to grant leave to amend, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). In addition to these factors, courts must also take into account whether the moving party is seeking to add claims or to add parties, because amendments seeking to add claims are generally granted more freely than amendments adding parties. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Plaintiff's initial complaint made reference to a number of unidentified Oak Park and Southfield Police Officers but named only Defendant Raby. It generally alleged that the officers used excessive force against him and subsequently denied his requests for medical attention. Plaintiff claims that he did not have all of the Defendant's names at the time his complaint was filed (Dkt. No. 13).

Plaintiff's "Supplemental Complaint and Demand for Jury Trial" (Dkt. No. 23), though improperly titled,[2] identifies and makes allegations against nine (9) defendants. Having reviewed the Complaint, and finding it complies with Fed. R. Civ. P 8(a) and that justice requires leave to amend be granted, the court grants Plaintiff leave to amend, except as to Proposed Defendant Benson.

**Leave to Amend is Denied as to Proposed Defendant Benson**

Plaintiff alleges that Defendant Benson failed to properly supervise or control the Oak Park Police Officers (Dkt. No. 23, ¶ 12.) However, the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (internal quotation omitted).

---

[2]Plaintiff's "supplemental" pleading does not does not state "any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." (Emphasis added) Fed. R. Civ. P. 15(d).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ( quoting *Hays v. Jefferson County, Ky.,* 68 F.2d 869, 874 (6th Cir. 1982).

Plaintiff's Supplemental Complaint alleges only that proposed Defendant Benson failed "to properly screen, supervise, counsel or otherwise control the Police Officers." (Dkt. No. 23, ¶ 12.) This allegation is insufficient to survive a motion to dismiss (if it were in the original complaint) and amendment to include this allegation would be futile.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Leave to Amend complaint IS GRANTED except as to Proposed Defendant Marlon Benson in which case the motion is DENIED.

IT IS FURTHER ORDERED that **on or before August 21, 2009**, Plaintiff shall file with the court a pleading entitled "Proposed Amended Complaint" that complies with this order.

IT IS FURTHER ORDERED that Plaintiff's remaining motions for leave to amend (Dkt. Nos. 13 and 20) are dismissed as moot.

The parties to this action may object to and seek review of this Order through an appeal to the district judge, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). See also E.D. Mich. LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir.

1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed appeal, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue raised in the appeal.

**SO ORDERED.**

                                                 S/Mark A. Randon
                                                 Mark A. Randon
                                                 United States Magistrate Judge

Dated: July 31, 2009

### Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 31, 2009, by electronic and/or ordinary mail.

                                                 S/Melody R. Miles
                                                 Case Manager