UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN RAGLAND, #191565,

                Plaintiff,                CIVIL ACTION NO. 08-15253

        v.                      DISTRICT JUDGE AVERN COHN

M. RABY, Southfield Police Officer,     MAGISTRATE JUDGE MARK A. RANDON

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANT RABY'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 19) AS MOOT

Plaintiff, a Michigan prisoner, filed this action alleging that multiple police officers violated his constitutional rights prior to his imprisonment. Now before the court is motion for judgment on the pleadings of Defendant Police Officer M. Raby ("Raby"). For the reasons set forth below it is recommended that the motion be denied as moot.

1.      **Procedural History**

On December 23, 2008, Plaintiff, filed this *pro se* federal civil rights complaint under 42 U.S.C. § 1983 alleging that he was assaulted, racially disparaged, and denied medical attention by several police officers from the City of Southfield and the City of Oak Park Police Departments (Dkt. No. 1). Plaintiff's complaint identified only Raby by name. After Raby filed his answer, Plaintiff moved for leave to file what would be the first of three proposed amended complaints. Plaintiff's first proposed amended complaint named fourteen (14) defendants, including Raby (Dkt. No. 13).

- 1 -

On April 6, 2009, Raby filed the instant motion for judgment on the pleadings (Dkt. No. 19). The motion argued that Raby was entitled to qualified immunity regarding Plaintiff's excessive force claim and that Plaintiff had failed to state a claim against him for denial of medical attention because he was not involved with the booking, processing, or detainment of Plaintiff - the events during which the denial of medical attention allegedly occurred. In addition to a response to Raby's motion, Plaintiff also filed his second motion for leave to amend his complaint (Dkt. No. 20) and a third motion to "supplement" the amended complaint (Dkt. No. 23).[1]   Plaintiff's third proposed (supplemental) complaint named nine (9) defendants, including Raby.

On July 22, 2009, this case was reassigned from Magistrate Judge Binder to the undersigned for disposition of all pretrial matters. On July 31, 2009, the undersigned issued an Opinion and Order regarding Plaintiff's three motions (Dkt. No. 25). The Opinion and Order granted, in part, Plaintiff's third (supplemental) motion to amend (Dkt. No. 23), denied the two prior motions to amend (Dkt. Nos. 13 and 20) as moot, and directed Plaintiff to file a proposed amended complaint as to eight (8) defendants - denying leave as to one defendant. Neither Plaintiff nor Raby objected to this order.

**A.    Plaintiff's Amended Complaint Now Alleges**
**only Excessive Force as to Raby**

On August 20, 2009, Plaintiff filed a proposed amended complaint as directed. (Dkt. No. 27). Since the proposed amended complaint conformed to the undersigned's order, it was accepted as Plaintiff's Amended Complaint and the United States Marshal was ordered to serve a copy upon all

---

[1]  Plaintiff's motion was not supplementary in nature because, pursuant to Fed. R. Civ. P. 15(d), it did not allege events "that happened after the date of the pleading to be supplemented" (i.e., either his complaint or one of his proposed amended complaints). Therefore, it was treated as a third motion to amend.

unserved defendants.  However, unlike Plaintiff's previous proposed pleadings, Plaintiff's Amended

Complaint makes only the following claim against Raby:

> 5.   Defendant Michael/Mary Raby is a Police Officer for the
> Southfield Police Department who did commit the following
> Constitutional violations by kicking and throwing blows with his fist
> to plaintiffs head, back, legs, and ribs while he was handcuffed
> behind his back and was not resisting arrest and the use of
> unnecessary and unreasonable force violated Plaintiff's rights and
> constituted unreasonable seizure under the Fourth Amendment of the
> United States Constitution.

(Dkt. No. 27, ¶ 5)  The Amended Complaint now attributes the denial of medical attention

(deliberate indifference claim) to the alleged "booking officer"- not Raby (Dkt. No. 27, ¶ 12).

**B.     Raby's Reply Brief Concedes that Plaintiff has Stated a Claim for
        Excessive Force Under the Fourth Amendment**

Raby's reply brief regarding his motion for judgment on the pleadings, while denying any

wrongdoing on his part, concedes that Plaintiff has sufficiently alleged a Fourth Amendment

excessive force claim (Dkt. No.22, pp. 1-2).[2]  However, Raby still properly maintains that he "cannot

he held liable [for deliberate indifference] where he played no role in the custody of Plaintiff, but

instead only assisted in the arrest of Plaintiff at the scene of the incident." (Dkt. No. 22, p. 2).

Likely in response to Raby's motion for judgment on the pleadings, Plaintiff's Amended

Complaint now clarifies that his allegations against Raby are limited to a claim of excessive force

and no longer include a claim, against him, for deliberate indifference.  As such, the relief sought

---

[2] The undersigned reads Raby's reply brief as appropriately conceding that his qualified
immunity argument to Plaintiff's Fourth Amendment excessive force claim is insufficient to
grant a motion for *judgment on the pleadings* and is properly reserved for a possible summary
judgment motion, where submissions outside the pleadings may be considered (*see* Dkt. No. 19,
p. 1, ¶1).

by Raby on the deliberate indifference claim has been acquiesced in by Plaintiff, as evidenced by his Amended Complaint.

Accordingly, it is RECOMMENDED that Raby's motion for judgment on the pleadings be DENIED as moot, which denial is without prejudice to Raby's ability to subsequently raise a qualified immunity defense in a summary judgment motion. If Plaintiff intends that the Amended Complaint somehow be read in a way that includes claims against Raby *other* than Fourth Amendment excessive force, he is advised to object to this recommendation, on that basis, in the manner set forth below. Otherwise, Plaintiff's Amended Complaint shall be read, as it is plainly stated, to exclude any other claims against Raby.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion

- 4 -

and order, the page limit is extended by the court.  The response shall address  each issue contained

within the objections specifically and in the same order raised.


                                                         S/Mark A. Randon
                                                           MARK A. RANDON
                                                           UNITED STATES MAGISTRATE JUDGE

Dated:  September 1, 2009


                                              Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this
date, September 1, 2009, by electronic and/or ordinary mail.

                                                           S/Melody R. Miles
                                                           Case Manager to Magistrate Judge Mark A. Randon