UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RAGLAND,

               Plaintiff,               CIVIL ACTION NO. 08-15253

         v.                      DISTRICT JUDGE AVERN COHN

M. RABY, KEITH BERBICK,        MAGISTRATE JUDGE MARK A. RANDON
KEVIN KERR, NICOLAS
SMISSICK, DANIEL ROSE,
ANDREW BELANGER,
BRIAN BOLASH and
ANTHONY CARIGNAN

               Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DKT NO. 45)

      This is Plaintiff's fourth attempt to amend his complaint.  In Plaintiff's latest rendition,

following the district court's order finding his previous amended complaint failed to state a claim

of deliberate indifference against Raby, Plaintiff now alleges for the first time that *during his*

*arrest*, "he was complaining of pain at that time;" "during his beating he was informing the

defendant that he was hurt and wanted medical attention," and that he "asked to be taken to

Providence Hospital." (Dkt. No 45, pp. 2-3)[1]  Plaintiff, therefore, seeks leave to add a deliberate

---

[1]These allegations are in stark contrast to his previous pleadings.  For example, Plaintiff's
Amended Complaint states ". . . *while I was being booked* by Police Officer Anthony Carigan. . .
[I] made several request[s] to see medical personnel."  (Dkt No. 27, ¶ 14) (emphasis added).  In
an earlier proposed amended complaint, Plaintiff alleged "Kevin Ragland requested to be seen
by medical staff *after* his assault see Appendix: B, i.e. [Booking Record] OPPD No. 67150."
(Dkt. No. 15 ¶ 17) (emphasis added).  And last, and perhaps most clearly, Plaintiff's original
complaint alleged "*[a]fter complainant was booked and processed* he requested medical
attention *to every officer that passed his cell* and was consistently ignored."  (Dkt No. 1)
(emphasis added).

indifference claim as to all defendants (although the allegations only pertain to the arresting officers) for taking him to be booked rather than honoring his request to be taken to Providence Hospital for immediate medical attention.[2]  (According to Plaintiff, five hours after his arrest he was taken to Providence Hospital and "diagnosed by Doctor Sharon Baswa as having bruised ribs." (Dkt. No 45, p. 4))

In order to sustain his claim against the arresting officers, Plaintiff must demonstrate that they were deliberately indifferent to his "objectively serious" medical needs at the time he was in their custody.  Deliberate indifference "entails something more than mere negligence," and requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  In *Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir 2004), the Sixth Circuit articulated the standard for an "objectively serious" medical need as follows:

> Most other circuits hold that a medical need is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990) (emphasis added) (citing *Monmouth County Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)); see also *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *Hill v. Dekalb Reg'l Youth Det. Center*, 40 F.3d 1176, 1187 (11th Cir. 1994); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); accord *Harden v. Green*, 27 Fed.Appx. 173, 2001 WL 1464468, at *3 (4th Cir. Nov.19, 2001). As the Eleventh Circuit observed, "[c]ases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem [whereas] delay or even denial of medical

---

[2]Plaintiff was previously granted leave to file an amended complaint which alleged a claim of deliberate indifference against "booking officer" Anthony Carignan.  (Dkt. No. 27 ¶ 12)

treatment for superficial, nonserious physical conditions does not constitute a [constitutional] violation." *Hill*, 40 F.3d at 1187-88.

In unpublished opinions, this Court has evaluated the seriousness of a prisoner's medical needs by this "obviousness" approach. See, e.g., *Taylor v. Franklin County*, 104 Fed.Appx. 531, 2004 WL 1595203, at *6 (6th Cir. July 14, 2004) ("Such obvious signs of recurring incontinence and debilitating immobility were clear symptoms of a serious problem, even if Defendants did not [choose] to believe Plaintiff."); *Alexander v. Jones*, 234 F.3d 1267, 2000 WL 1562841, at *1 (6th Cir. Oct.12, 2000) (holding that the plaintiff's glaucoma "was not so obvious that a lay person would recognize it"); *Friend v. Rees*, 779 F.2d 50, 1985 WL 13825, at *3 (6th Cir. Oct.1, 1985) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."). In addition, lower courts within this Circuit have adopted this obviousness rule.

*Id.* at 896-897.

Pursuant to Fed. R. Civ. Pro. 15(a)(2), a party may amend its pleading by leave of the court and the court "should freely give leave when justice so requires." Appropriate factors to consider in determining whether to permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 605 (6th Cir. 2001). In this instance, the court has serious concerns about the veracity of Plaintiff's new allegations, which were absent from and contradict his three prior attempts to amend his complaint. As such, the Court finds that Plaintiff's proposed amendments exhibit bad faith. However, even assuming this was not the case, Plaintiff's new allegations do not meet the "objectively serious" standard. (Notwithstanding Plaintiff's protestations, one could hardly imagine a circumstance in which

bruised ribs[3] are an obviously serious injury, particularly when the arresting officers have a limited time to evaluate and observe Plaintiff.)  Therefore, the amendment would also be futile and leave to amend is DENIED.

So Ordered.

S/MARK A. RANDON
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  November 25, 2009

Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 25, 2009, by electronic and/or ordinary mail.

S/Barbara M. Radke
Judicial Assistant

---

[3] Plaintiff also claims that while later imprisoned with the MDOC, he was diagnosed with back and ankle "trauma."  (Dkt. No. 45, p. 4)  However, even this subsequent diagnosis does not change the analysis.