UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND, #191565,

    Plaintiff,

v.

M. RABY, KEITH BERBICK,
KEVIN KERR, NICOLAS
SMISSICK, DANIEL ROSE,
ANDREW BELANGER, BRIAN
BOLASH, and ANTHONY
CARIGNAN,

    Defendants.
    _____/

CIVIL ACTION NO. 08-15253

DISTRICT JUDGE AVERN COHN

MAGISTRATE JUDGE MARK A. RANDON

## REPORT AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 61)

### I. INTRODUCTION

Plaintiff, Kevin Darnell Ragland, is a Michigan prisoner proceeding pro se. Before the Court is Plaintiff's motion for summary judgment as to Defendant Raby. (Dkt. No. 61) Plaintiff seeks an entry of judgment in the amount of One Hundred Million Dollars ($100,000,000) on the issue of excessive force because Raby previously conceded that Plaintiff had "stated a claim" for excessive force in his complaint. Plaintiff's motion misconstrues the difference between the pleading standard set forth in Federal Rule of Civil Procedure 12(b)(6) and the standard of proof

required for an entry of judgment under Federal Rule of Civil Procedure 56(a). Therefore, it is RECOMMENDED that Plaintiff's motion for summary judgment be DENIED.

## II.  RELEVANT FACTS

On December 23, 2008, Plaintiff filed this *pro se* federal civil rights complaint under 42 U.S.C. § 1983 alleging that he was assaulted, racially disparaged, and denied medical attention by several police officers from the City of Southfield and the City of Oak Park Police Departments. (Dkt. No. 1)  Defendant Raby was alleged to be one of the offending police officers. On April 6, 2009, Raby filed a motion for judgment on the pleadings. (Dkt. No. 19) The motion argued that Raby was entitled to qualified immunity regarding Plaintiff's excessive force claim and that Plaintiff had failed to state a claim against Raby for denial of medical attention. However, Raby's reply brief in support of his motion, while denying any wrongdoing on his part, conceded that Plaintiff had sufficiently alleged a Fourth Amendment excessive force claim. (Dkt. No. 22, pp. 1-2)  Plaintiff now moves for summary judgment on his excessive force claim against Raby on the basis of his concession.

## III.  DISCUSSION

A motion for judgment on the pleadings is a motion to dismiss. In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). This is far different than the standard of proof necessary for Plaintiff to

obtain a judgment under Federal Rule of Civil Procedure 56(a). "Such a motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party (in this case Defendant Raby), and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Alexander v. CareSource*, 576 F.3d 551, 558 quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir.2002). Once this occurs, the party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In support of his motion for summary judgment, Plaintiff relies on Raby's concession that Plaintiff's complaint stated a claim for excessive force under Federal Rule of Civil Procedure 12(b)(6). However, Raby has **never** conceded **liability** on this issue – and has, in fact, denied any wrongdoing. (Dkt. No.22, pp. 1-2) Therefore, Plaintiff has failed to meet even his initial burden of demonstrating the absence of a genuine dispute over material facts regarding his

excessive force claim, and Raby is not required to file a response.[1]  *Street*, 886 F.2d at 1479. Plaintiff's motion must fail.

## IV.  CONCLUSION

For the forgoing reasons, it is RECOMMENDED that Plaintiff's motion for summary judgment be DENIED..

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

---

[1] Raby did not file a response to Plaintiff's motion.

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon  
MARK A. RANDON  
UNITED STATES MAGISTRATE JUDGE

Dated: February 24, 2010

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 24, 2010.*

*S/Melody R. Miles*  
*Case Manager to Magistrate Judge Mark A. Randon*