UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND,

    Plaintiff,

v.                                               Case No. 08-15253

M. RABY, KEITH BERBICK,              HONORABLE AVERN COHN
KEVIN KERR, NICOLAS SMISSICK,
DANIEL ROSE, ANDREW BELANGER,
BRIAN BOLASH, and ANTHONY CARIGNAN,

    Defendants.

_____/

**ORDER
DENYING PLAINTIFF'S OBJECTIONS (Doc. 114)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 111)
AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 88)**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff claims that defendants, police officers, violated his constitutional rights while effectuating his arrest and denying him proper medical care. The matter has been referred to a magistrate judge for all pretrial proceedings. Defendants Daniel Rose, Andrew Belanger, Brian Bolash, and Anthony Carignan filed a motion for summary judgment. On November 17, 2010, the magistrate judge issued a report and recommendation (MJRR) recommending that the motion be granted. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be denied, the MJRR will be adopted, and defendants' motion for summary judgment will be granted.

II.

The MJRR accurately describes the facts, some of which are repeated below.

Plaintiff participated in an armed robbery of a retail store. During the getaway, plaintiff and his accomplice led police on a high speed chase before being forcibly stopped by police cars. As officers approached the car, plaintiff had to be told at least twice to show his hands. Plaintiff admits he had his gun in the car, but denies reaching for it. Plaintiff and his accomplice were physically removed from the car and taken to the ground. Defendants says that minimal force was used in subduing plaintiff. Plaintiff, however, says that after being pulled from the car, defendants hit and kicked him in his face, head, back, ribs and forcibly twisted his ankle. He also claims to have been hit with a billy club. The entire incident was recorded on an in-car dash camera in defendant Bolash's police car. The video, which the magistrate judge and Court reviewed, does not show plaintiff being hit or kicked or assaulted with a billy club by any of the moving defendants.[1]

After his arrest, plaintiff was taken to Oak Park Jail. He says he requested medical treatment for his injuries. He says he had to wait for five hours before being taken to the hospital where he was diagnosed with "bruised ribs," provided ice and told to take over-the-counter pain medication.

---

[1] As noted in the MJRR, defendants concede that the video shows plaintiff being twice hit in the head area by an unidentified officer. However, because none of the moving defendants hit plaintiff in the head or anywhere else, they are still entitled to summary judgment. The Court, like the magistrate judge, makes no finding as to the actions of the unidentified officer.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV.

Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge. As explained in the MJRR, it was proper for the magistrate judge to consider the in-car video in deciding the motion for summary judgment. Moreover, none of the moving defendants used excessive force on plaintiff. Defendant Bolash was the only one of the moving defendants who assisted in plaintiff's arrest and the

3

evidence shows he used only the force necessary to secure plaintiff under the circumstances. Reasonable minds could not differ on whether any of the moving defendants, including Bolash, used excessive force. Moreover, the medical evidence shows that, as a matter of law, plaintiff's injuries were not objectively serious. Finally, the Court agrees with the magistrate judge that defendants are also entitled to qualified immunity, although that defense is not necessary in light of what the Court has found. In short, nothing in plaintiff's objections convinces the Court that the magistrate judge erred in recommending that defendants are entitled to summary judgment.

V.

For the reasons stated above, plaintiff's objections are DENIED. The MJRR is adopted as the findings and conclusions of the Court, as supplemented above. Defendants' motion for summary judgment is GRANTED. Plaintiff's claims against defendants Rose, Belanger, Bolash and Carignan are DISMISSED.

SO ORDERED.


Dated: December 16, 2010
S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Kevin Ragland, 191565, Cotton Correctional Facility, 3510 N Elm Street, Jackson, MI 49201 and the attorneys of record on this date, December 16, 2010, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160