UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RAGLAND, #191565,

        Plaintiff,                     CIVIL ACTION NO. 08-15253

    v.                                 DISTRICT JUDGE AVERN COHN

MICHAEL RABY, KEVIN KERR,       MAGISTRATE JUDGE MARK A. RANDON
NICOLAS SMISCIK, KEITH
BIRBERICK, and JOHN DOE,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 128) AND TO GRANT DEFENDANTS RABY, BIRBERICK, KERR AND SMISCIK'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff, Kevin Ragland, is serving a minimum 20 year sentence after being convicted of armed robbery, felon in possession of a firearm, felony firearm, carrying a concealed weapon and receiving and concealing stolen property. Brandishing a gun, Plaintiff conducted a brazen, daytime robbery of a retail store and then, during an attempted getaway with his accomplice, led police on a dangerous high speed car chase before being forcibly stopped by police vehicles. In this lawsuit, Plaintiff alleges that police officers (from the Oak Park and Southfield, Michigan Police Departments) used excessive force in effectuating his arrest and delayed taking him to the hospital for treatment of his injuries.

Before the Court are two dispositive motions: (1) Plaintiff's motion for summary judgment against Southfield Police Officers Raby, Birberick, Kerr and Smiscik[1] (collectively "the Southfield PD Defendants") (Dkt. 128), and (2) the Southfield PD Defendants' motion for summary judgment against Plaintiff (Dkt. No. 130). The Southfield PD Defendants filed a response to Plaintiff's motion (Dkt. No. 132); Plaintiff has not responded to the Southfield PD Defendants' motion. Oral argument is not required. E.D. Mich. LR 7.1.

On November 17, 2010, the undersigned issued a report and recommendation to grant the motion for summary judgment of Oak Park Police Officers Rose, Belanger, Bolash and Carignan (the "Oak Park PD Defendants"), finding as a matter of law that: (1) none of the Oak Park PD Defendants used excessive force in carrying out Plaintiff's arrest; (2) Plaintiff did not have a serious medical need; and (3) the Oak Park PD Defendants are entitled to qualified immunity (Dkt. No. 111). Judge Avern Cohn entered an order adopting the report and recommendation on December 16, 2010. (Dkt. No. 117) For the same reasons, **IT IS RECOMMENDED** that the motion of the Southfield PD Defendants (Raby, Berberick, Kerr and Smiscik) be **GRANTED** and Plaintiff's claims against them also be **DISMISSED WITH PREJUDICE**.

## II. FACTS

The facts were fully set forth in the undersigned's previous report and recommendation and are adopted as previously stated (Dkt. No. 111). *Ragland v. Raby*, No. 08-15253, 2010 WL 5281666 (E.D. Mich. Nov. 17, 2010).

---

[1] Smiscik appears in the record spelled "Smissick" and "Smiscik."

**A. Plaintiff's Specific Allegations Against the Southfield PD Defendants**

During his deposition, Plaintiff testified that after twice refusing police commands to "show his hands" – and admittedly in possession of a gun – two officers forcibly removed him from the passenger-side of the minivan and took him to the ground (Dkt. No. 130-6, (Pl. Dep. Tr. pp. 36-39)). Plaintiff says he was then "surrounded" by 10-12 additional officers (*id*. at p. 41). According to Plaintiff, he offered no further resistance but the officers still slapped him, punched him, kicked him in the head and back, stomped him, and hit him at least twice in the back with a "billy club" (*id*. at pp. 44, 46-48). In particular, as it relates to the Southfield PD Defendants, Plaintiff testified that: Birberick punched him in the middle of his back (*id.* at pp. 51-52)) and Raby slapped and kicked him in the face (*id*. at pp. 50-51). Plaintiff could not remember where Smiscik hit him (id. at 57-58), but now maintains (in his motion for summary judgment) that Smiscik used an "ankle twist technique" on him (Dkt. No. 128, p. 4 (ECF p. 11)). Plaintiff also testified that Smiscik called him a "Nigger" while an unidentified officer called him a "Coon" (Dkt. No. 130-6, p. 61). As to Kerr, Plaintiff testified only that Kerr and another officer, dragged him out of the minivan and "threw him to the ground" (*id*. at 41). However, Plaintiff alleged in his Amended Complaint that Kerr also "hit Plaintiff in the back with his fist" (Dkt. No. 27, Am. Compl., ¶ 7).

### III. ANALYSIS

**A. Standard of Review**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the

court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

**B. None of the Southfield PD Defendants used Excessive Force Against Plaintiff as a Matter of Law**

As detailed in the undersigned's previous report and recommendation, the in-car police dashboard camera video captures Plaintiff's entire arrest and belies his allegations of a vicious police beating. The video shows only four officers assisting in Plaintiff's arrest: (1) Officer Bolash (a previously dismissed Oak Park PD Defendant); (2) Officer Birberick (in uniform); (3) Officer Kerr (in plain clothes wearing white); and (4) an unidentified officer (wearing a dark-colored shirt and hat).

With one notable exception – the unidentified officer wearing a dark-colored shirt and hat[2] – none of the officers are seen assaulting Plaintiff. Instead, for the reasons set forth in the undersigned's previous report and recommendation, the force used by Officers Birberick and Kerr (in removing Plaintiff from the minivan, bringing him to the ground and cuffing him) was reasonable and necessary to secure Plaintiff in light of his suspected armed robbery, dangerous attempt to evade capture, and failure to immediately follow police directives (Dkt. No. 111, pp. 9-10). Moreover, officers Raby and Smiscik effectuated Hardy's (the driver) arrest and had no direct involvement with Plaintiff.

Plaintiff also alleges that Smiscik directed racial slurs towards Plaintiff while he was being arrested. However, even if this allegation is true, it cannot constitute a claim of excessive force. *See Johnson v. City of Ecorse*, 137 F. Supp.2d 886, 892 (E.D. Mich. 2001) ("Policemen's use of slurs and racial epithets is not a search or seizure, and thus cannot sink to the level of violating the Fourth Amendment's prohibition of excessive force"); *Riggins-El v. Toombs*, No. 96-2484, 1997 WL 809980 (6th Cir., Dec. 23, 1997)(Dkt. 130, Ex. 17) ("While racial slurs are repugnant and unnecessary, such allegations are generally not sufficient to create a constitutional violation"). Under these circumstances, no rational juror could find that Raby, Birberick, Kerr or Smiscik used excessive force against Plaintiff, and Plaintiff's claims against them should be dismissed with prejudice.

---

[2] Plaintiff was recently permitted to amend his complaint to add this unidentified officer as a "John Doe" defendant (Dkt. No. 133). The officer appears to punch Plaintiff twice in the area of his head at 20:19:44 of the video. Since the amendment was allowed after the close of discovery, the Court ordered the Southfield PD Defendants to identify this officer (*id.*). However, he is not a party to this motion.

**C. Plaintiff's Challenge to the Video's Authenticity Lacks Merit**

Faced with video evidence that confutes his claims, Plaintiff resorts to challenging the video's authenticity. Specifically, Plaintiff asserts that the video was "tampered" with because it shows a "blue" minivan and the suspect (Plaintiff) wearing "all white" when police reports indicate that the suspect was in a "maroon minivan" and wearing "all black" (Dkt. No. 128, pp. 1-2 (ECF pp 8-9)). Plaintiff also claims that the time stamp on the video is fatally contradicted by police records showing the timing of events. Plaintiff's challenges to the authenticity of the video lack merit.

First, although the actual color of the minivan is unclear because of the picture quality and time of day (approaching dusk), it is clear that the minivan is dark in color. Second, after officers' secure Plaintiff and bring him to his feet – at 20:21:11 of the video – Plaintiff can be clearly seen wearing all black. Last, it should be noted that according to the time stamp, the video begins just before the officer locates the suspects' vehicle at 8:15 p.m. and ends with the completion of Plaintiff's arrest at approximately 8:21 p.m. The minivan, driven by Plaintiff's accomplice, crashes into police vehicles at 8:19 p.m. Plaintiff argues that because the State of Michigan Crash Report gives a "crash time" of 8:15 p.m. (Dkt. No. 128, p. 31) the video depicts a "different arrest scene" (*id*. at p. 2 (ECF p. 9)). Obviously, the slight (4 minute) inaccuracy of the Crash Report does not diminish the video's authenticity. The Court has already adopted the undersigned's ruling that the video is admissible. (Dkt. No. 117, Order Denying Plaintiff's Objections and Adopting Report and Recommendation and Granting Defendants' Motion for Summary Judgment). The video demonstrates that Plaintiff has either an over-active imagination, is prone to gross exaggeration, or is simply lying. No matter the circumstance, dismissal of Plaintiff's claims against the Southfield PD Defendants is the proper result.

### IV.  CONCLUSION

Other than his unsubstantiated allegations, Plaintiff has failed to present any evidence that the Southfield PD Defendants used excessive force, much less that he is entitled to summary judgment.  The video corroborates both the police reports and the uncontested affidavits of the Southfield PD Defendants (Dkt. 130, Ex. 18), which show that the use of force was not excessive and requires judgment in their favor as a matter of law.  To the extent that *any* evidence of excessive force exists, it is *only* potentially against a non-moving party – whose identification has been ordered revealed.

Therefore, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment (Dkt. No. 128) against Southfield Police Officers Raby, Birberick Kerr and Smiscik be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Southfield PD Defendants' motion for summary judgment (Dkt. No. 130) be **GRANTED** and Plaintiff's claims against them be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon  
Mark A. Randon  
United States Magistrate Judge

Dated: December 14, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, December 14, 2011, electronically.*

*s/Melody R. Miles*  
*Case Manager to Magistrate Judge Mark A. Randon*  
*(313) 234-5542*