UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND,

    Plaintiff,

v.                                                    Case No. 08-15253

M. RABY, KEITH BIRBERICK,              HONORABLE AVERN COHN
KEVIN KERR, NICOLAS SMISCIK,
and JOHN DOE,

    Defendants.

_____/

**ORDER
DENYING PLAINTIFF'S OBJECTIONS (Doc. 135)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 134)
AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 128)
AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 130)**

I.

    This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff claims that defendants, police officers from the Oak Park and Southfield Police Departments, violated his constitutional rights while effectuating his arrest and denying him proper medical care. The matter has been referred to a magistrate judge for all pretrial proceedings. The Oak Park police officers[1] were dismissed on summary judgment following a report and recommendation by the magistrate judge. Doc. 117. Thereafter, the Southfield police officers, defendants M. Raby, Keith Birberick, Kevin Kerr, and

---

[1] The Oak Park police officers were: Daniel Rose, Andrew Belanger, Brian Bolash, and Anthony Carignan.

Nicholas Smiscik[2] (the Southfield defendants) filed a motion for summary judgment. Plaintiff also filed a motion for summary judgment against the Southfield defendants.

On December 14, 2011, the magistrate judge issued a report and recommendation (MJRR) recommending that plaintiff's motion be denied and the Southfield defendants' motion be granted. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be denied, the MJRR will be adopted, plaintiff's motion will be denied, and defendants' motion for summary judgment will be granted.

II.

The order adopting the MJRR as to the Oak Park defendants (Doc. 117) briefly described the relevant facts as follows:

> Plaintiff participated in an armed robbery of a retail store. During the getaway, plaintiff and his accomplice led police on a high speed chase before being forcibly stopped by police cars. As officers approached the car, plaintiff had to be told at least twice to show his hands. Plaintiff admits he had his gun in the car, but denies reaching for it. Plaintiff and his accomplice were physically removed from the car and taken to the ground. Defendants says that minimal force was used in subduing plaintiff. Plaintiff, however, says that after being pulled from the car, defendants hit and kicked him in his face, head, back, ribs and forcibly twisted his ankle. He also claims to have been hit with a billy club. The entire incident was recorded on an in-car dash camera in defendant Bolash's police car. The video, which the magistrate judge and Court reviewed, does not show plaintiff being hit or kicked or assaulted with a billy club by any of the moving defendants.
> After his arrest, plaintiff was taken to Oak Park Jail. He says he requested medical treatment for his injuries. He says he had to wait for five hours before being taken to the hospital where he was diagnosed with "bruised ribs," provided ice and told to take over-the-counter pain medication.

(Doc. 117, page 2, internal footnote omitted).

---

[2] Smiscik appears in the record spelled "Smissick" and "Smiscik."

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV.

Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge. As explained in the MJRR, it was proper for the magistrate judge to consider the in-car video in deciding the motion for summary judgment. The in-car video captures plaintiff's entire arrest and belies his allegations of wrongdoing as to the Southfield defendants. The video shows only four officers involved in plaintiff's arrest:

3

(1) Bolash, who was dismissed on summary judgment; (2) Birberick (in uniform); 3) Kerr (in plain clothes wearing white); and (4) an unidentified officer (wearing a dark colored shirt and hat).[3] With the exception of the unidentified officer, none of the officers are seen assaulting plaintiff. The force used by Birberick and Kerr in removing plaintiff from the minivan, bringing him to the ground, and cuffing him, was reasonable and necessary under the circumstances. Regarding Smiscik, while plaintiff alleges he directed a racial slur towards him, this conduct does not constitute excessive force as a matter of law, as the magistrate judge explained. Overall, reasonable minds could not differ on whether any of the moving defendants used excessive force against plaintiff.

V.

For the reasons stated above, plaintiff's objections are DENIED. The MJRR is adopted as the findings and conclusions of the Court, as supplemented above. Plaintiff's motion for summary judgment is DENIED. The Southfield defendants' motion for summary judgment is GRANTED. Plaintiff's claims continue against the unidentified officer. See n.4, supra.

SO ORDERED.


Dated: January 10, 2012              S/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE

---

[3]The video shows plaintiff being twice hit in the head area by this unidentified officer. The magistrate judge ordered the Southfield defendants to identify this officer before December 12, 2011. (Doc. 133). It is not clear that this has been done. The Court leaves the matter to the magistrate judge for resolution.

                                  **08-15253 Ragland v. Raby, et al**
                                **Order Denying Plaintiff's Objections, etc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Kevin Ragland, 191565, Cotton Correctional Facility, 3510 N. Elm Street, Jackson, MI 49201 and the attorneys of record on this date, January 10, 2012, by electronic and/or ordinary mail.

                                        S/Julie Owens
                                        Case Manager, (313) 234-5160