UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RAGLAND, #191565,

        Plaintiff,                        CIVIL ACTION NO. 08-15253

        v.                             DISTRICT JUDGE AVERN COHN

JASON SCHNIEDER,              MAGISTRATE JUDGE MARK A. RANDON

        Defendant.
_____/

**ORDER STAYING CASE PENDING
APPOINTMENT OF PRO BONO COUNSEL**

        This matter is before the Court on Plaintiff's "Motion for the Appointment of Counsel Motion for Expert Opinion/Testimony FRE 706" (Dkt. #136); and Plaintiff's Motion for the Appointment of Counsel. (Dkt. #145). In addition to the appointment of counsel, Plaintiff asks the Court to appoint an independent expert to review the in-car police video, because he believes the video "does not accurately depict the entire capture, arrest, and subsequent beating that [he] sustained." (Dkt. #136; Pl.'s Br. at 3).

        Plaintiff is serving a minimum 20 year sentence after being convicted of armed robbery, felon in possession of a firearm, felony firearm, carrying a concealed weapon and receiving and concealing stolen property. Brandishing a gun, Plaintiff conducted a brazen, daytime robbery of a retail store and then, during an attempted getaway with his accomplice, led police on a dangerous high speed car chase before being forcibly stopped by police vehicles. In this lawsuit, Plaintiff alleges that several police officers used excessive force in effectuating his arrest and

delayed taking him to the hospital for treatment of his injuries.  Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. §1983.  After review of the in-car police video, the Court dismissed all Defendants, with the exception of Southfield Police Officer Jason Schnieder.

With regard to an independent expert, the Court disagrees with Plaintiff's position.  As stated in a prior Report and Recommendation, the Court finds the video is "a complete, apparently unedited, recording of the events leading up to and including Plaintiff's arrest[.]" (Dkt. #111 at p. 8).  In addition, Officer Brian Bolash submitted an affidavit that attests to its accurate depiction of the events.  *Id.*

With regard to the appointment of counsel, although there is no right to counsel in civil cases, this Court will explore whether *pro bono* counsel should represent Plaintiff.  The Court finds Plaintiff would benefit from the assistance of counsel.

The Court notes that "[a]ppointment of counsel in a civil case is not a constitutional right."  *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  However, in its discretion, a court may appoint an attorney to represent any person unable to afford counsel.  Therefore,

**IT IS ORDERED** that:

(1)   Plaintiff's request for an independent expert is **DENIED**;

(2)   this matter is **REFERRED** to the Court's *pro bono* program for the appointment of counsel;

(3)   if reasonable efforts to assign *pro bono* counsel are unsuccessful, this matter be returned to the Court's docket and Plaintiff may proceed *pro se*; and

(4)  further proceedings in this case are hereby **STAYED** pending whether counsel is appointed or Plaintiff proceeds *pro se*.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: June 19, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 19, 2012, by electronic and/or ordinary mail.*

s/Melody Miles
*Case Manager*