UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RAGLAND, #191565,

   Plaintiff,      CIVIL ACTION NO. 08-15253

 v.          DISTRICT JUDGE AVERN COHN

JASON SCHNEIDER,     MAGISTRATE JUDGE MARK A. RANDON

   Defendant.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 155)

**I. INTRODUCTION**

On January 24, 2013, Plaintiff filed a motion for an emergency temporary restraining order/preliminary injunction (Dkt. No. 155). Plaintiff seeks an injunction prohibiting Warden Jeffrey Woods and law librarians Henson and Suriano from denying him copies of case law because he does not have the $5.00 fee. For the reasons indicated below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

**II. DISCUSSION**

"It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (holding that an injunction was improper because the defendant had not been served with process); Fed. R. Civ. P. 65(d)(2) (injunction is binding only on parties, their agents, and persons acting in concert with parties). Woods, Henson and Suriano are not parties to this lawsuit; nor

are they agents of, or acting in concert with Defendant Jason Schneider, a Southfield Police Officer. Accordingly, the Court lacks jurisdiction to enjoin their actions, and Plaintiff's motion should be **DENIED** without consideration of its merits.

To the extent Plaintiff seeks a transfer from the Chippewa Correctional Facility to the Lapeer Correctional Facility, the Court cannot grant this relief; it does not have the authority to order the Michigan Department of Corrections ("MDOC") to transfer Plaintiff to a different facility. *See Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781 at *4 (W.D. Mich. July 31, 2012) ("In the absence of some extraordinary or compelling reason, this Court denies motions and requests by prisoners to be transferred to different correctional facilities. The Court is required to exercise restraint and show due deference to MDOC's decisions concerning its administration and management of the Michigan prison system"). The fact that Plaintiff cannot obtain copies of case law does not present an extraordinary or compelling reason to be transferred. "The Sixth Circuit has repeatedly held that the constitutional right of access to the courts does not entitle prisoners to free access to photocopying machinery." *Nali v. Michigan Dep't of Corrs.*, No. 2:07-cv-255, 2009 WL 3052227 at *11 (W.D. Mich. Sept. 21, 2009) (citations omitted). "Plaintiff must demonstrate actual injury to pending or contemplated litigation." *Id.* "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citation omitted). Plaintiff says that without the case law, he is "at a total disadvantage in competing with experienced and trained attorneys" (Dkt. No. 155 at 2). This does not constitute actual injury.

The parties to this action may object to and seek review of this Report and

Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: February 27, 2013

<u>Certificate of Service</u>

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 27, 2013, by electronic and/or ordinary mail.*

*s/Eddrey Butts*
*Acting Case Manager to Magistrate Judge Mark A. Randon*