UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND,

    Plaintiff,

v.                                                            Case No. 08-15253

JASON SCHNEIDER,                       HONORABLE AVERN COHN

    Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S OBJECTIONS (Doc. 168)</u>**
**<u>AND</u>**
**<u>AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 157)</u>**
**<u>AND</u>**
**<u>REFERRING THE ISSUE OF A PROTECTIVE ORDER AND TIME FOR PRODUCTION TO THE MAGISTRATE JUDGE</u>**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is <u>pro se</u>. Plaintiff claimed that several defendants, police officers from the Oak Park and Southfield Police Departments, violated his constitutional rights while effectuating his arrest and denying him proper medical care. The matter has been referred to a magistrate judge for all pretrial proceedings. Following dispositive motions by defendants, only plaintiff's claims against Southfield police officer Jason Schneider remain.

On February 5, 2013, the magistrate judge issued an order granting in part and denying in part plaintiff's motion to compel. (Doc. 157). Before the Court are defendant's objections to the order. (Doc. 168). For the reasons that follow, the

objections will be denied.

## II.

When a party files timely objections to a magistrate judge's opinion and order concerning a nondispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991).

Here, defendant seeks review of the magistrate judge's disposition of a motion to compel. Decisions made by a magistrate judge relating to discovery matters are generally reviewed only under an abuse of discretion standard. See Baker v. Peterson, 67 F. App'x 308 (6th Cir.2003).

## III.

The Court has reviewed defendant's objections[1] and the magistrate judge's order. The magistrate judge has not abused its discretion in directing defendant to furnish the materials as set forth in the order. The federal discovery rules "are to be accorded a broad and liberal treatment." Herbert v. Lando, 441 U.S. 153, 177 (1979). The term "relevant," for the purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). While evidence may be discoverable, it may or

---

[1] Defendant objects to only discrete portions of the magistrate judge's order. Namely, Production Requests Nos. 2, 3, 4, 6 (as renumbered), and 8 (as renumbered).

may not be admissible at trial. Here, the Court is satisfied that the materials the magistrate judge ordered defendant to produce are discoverable.

However, defendant raises the question of whether a protective order may be appropriate. See objections at p. 7. Under the circumstances, defendant's request does not appear unreasonable. The magistrate judge shall consider this issue, as well as the time limit for defendant's production.[2]

IV.

For the reasons stated above, defendant's objections are OVERRULED. The magistrate judge's order is AFFIRMED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: March 1, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 1, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
      Case Manager, (313) 234-5160

---

[2] The magistrate judge ordered that defendant provide his responses on or before March 5, 2013.